Chancellor DeSausstjre.
I concur with the court, in the judgment that a new trial should be granted in this case, on the ground that the plaintiff was entitled to recover more than has been allowed by the verdict. I concur, “ That a bailee, to recover in trespass, must have a possession in fact, and not a mere right to possession founded on an agreement.” The claim, though made under the form of trespass, is substantially for *144 salvage ; and that can-be only for what was actually saved from the wreck,- and not from what might by possibility have been saved. The plaintiff, therefore, was entitled to recover as in case of salvage, on the value of the goods actually landed on the beach, in the situation in which it was, proscribed or tabooed, by the reputation,. true or false, of a pestilential taint, which would have prevented their being brought up to the city, or sold to advantage on a desolate island, or removed, except at a great expense. These circumstances should be submitted to the jury for their consideration'.
Yeadon Sf Macbeth, fox the motion. Axson, City Attorney, and Dunldn, contra.
The defendants are liable, as the actors in the work of destruction of the goods which had been landed — but will of course'be protected by’the City Council, which, acting with good motives, and under a great public alarm, gave the orders for destruction, which they honestly thought necessary to stay the plague, or prevent-its spreading. But in doing so, they acted beyond their powers, and out of their jurisdiction ; and they, or their agents, are bound to make good the injury done to others, for what was deemed the public good. There is no principle more deeply founded in policy and justice, than that where the public service requires, or is supposed to require, the destruction of private property, compensation should be made to the owner, unless he is in default; and it would be safer to err in giving too much, than too little, as has been done in this case.
O’Neall, J.
I agree that a new trial ought to be granted; but not because the plaintiff is entitled to recover, as a salvor in possession, the value of the whole cargo of the Amelia.
A bailee, to recover in trespass, must have a possession in fact, and not a right of possession resting on agreement. Such of the goods as the salvor had succeeded in landing on the beach, were in his actual possession, and for the destruction or injury of them, he could maintain trespass. It may be, that the plaintiff might have maintained-another form of action, for the injury to his rights, under the agreement with the agent of the consignees.
The City Council clearly had no right to destroy the cargo ; there was no such immediate and imminent danger of disease from it, as would have justified a private man in destroying it; and they had, beyond their local jurisdiction, no other or greater power.